UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-20348-GAYLES

KING JOSHUA,

        Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

        Defendants,

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff King Joshua, appearing *pro se*, filed this action on January 25, 2019 [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3]. Because Plaintiff has moved to proceed *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the court is permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized* by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

Plaintiff fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. In 17 pages, Plaintiff makes various accusations against forty-five Defendants[1] for purported violations of his Constitutional rights. However, Plaintiff's complaint is anything but a "short and plain statement" showing Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint contains pages upon pages of historical data and information relating to the treatment of African–Americans throughout American history, as well as several personal accounts of perceived wrongs done to him by multiple unrelated parties. As the sole basis for this Court's jurisdiction, Plaintiff claims "[t]he United States is a Defendant." Compl. at 4. This, however, in no way invokes jurisdiction as to the remaining forty-four Defendants to this action. Further, none of the remaining allegations set forth by Plaintiff are sufficient to invoke the Court's personal jurisdiction over the parties or subject matter jurisdiction over these claims alleged. These allegations

---

1 Amongst the Defendants are God, several religious organizations, politicians, individuals, and corporations.

are, additionally, not related in any way to the litany of reliefs requested therein. As a result, "[the defendants] and the district court [must] sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed." *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991); *Anderson v. Dist. Bd. Of Trs. Of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). Therefore, the Complaint fails to invoke the Court's jurisdiction and must be dismissed. Accordingly, it is

**ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** pursuant to Section 1915(e)(2)(B)(ii).   This action is **CLOSED** for administrative purposes and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of February, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE